MATTER OF RUBIO-VARGAS

In Deportation Proceedings

A-13852779

*Decided by Board May 4, 1965*

In the absence of substantial equities, adjustment of status under section 245, Immigration and Nationality Act, as amended, is denied, as a matter of discretion, to a native and citizen of Peru, who, in an effort to accelerate his immigration following marriage in Peru to a lawful permanent resident of the United States, entered this country as a nonimmigrant visitor with the preconceived plan of joining his wife here and remaining permanently, thereby circumventing the normal immigrant visa-issuing process by the United States consul abroad. [*Matter of Diaz-Villamil*, Int. Dec. No. 1330, reaffirmed.]

CHARGE:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—Visitor for pleasure, remained longer

In a decision dated January 11, 1965, the special inquiry officer granted the respondent's application for adjustment of status under section 245 of the Immigration and Nationality Act. From that decision the trial attorney for the Immigration and Naturalization Service has appealed to this Board. The appeal will be sustained.

The respondent is a 25 year old married male alien, a native and citizen of Peru who entered the United States at Miami, Florida, on March 31, 1964, at which time he was admitted as a temporary visitor for pleasure. He was authorized to remain in the United States until June 19, 1964, and he has remained beyond that time without authority. His deportability is not in issue here. The special inquiry officer on a consideration of the respondent's application for adjustment of status under section 245 found him to be statutorily eligible for the relief. It is his opinion that the respondent merits such relief as a matter of discretion.

The respondent entered the United States on March 31, 1964. On February 28, 1964, the respondent married a permanent resident of

167

the United States and the marriage was performed in Peru. Within a few days after the marriage his wife returned to the United States. In the course of the proceedings it was pointed out to the respondent the apparent incongruity of his having a sincere intention to enter the United States temporarily as a visitor after his recent marriage to a legal resident of the United States who was, at the time of his admission as a visitor, a permanent resident of the United States. The respondent then admitted that upon his entry into the United States he had the intention to remain here permanently with the preconceived plan of applying for adjustment of status under section 245. The special inquiry officer in his opinion states that the record establishes that the respondent used the non-immigrant route to the United States in order to avoid a waiting period necessarily encountered were he to apply to the American consulate for an immigrant visa. However, despite this circumstance, the special inquiry officer has considered the August 21, 1958, amendment of section 245 of the Immigration and Nationality Act which eliminated aliens who had not entered the United States in good faith as nonimmigrants from statutory ineligibility for relief under section 245. The special inquiry officer states that this amendment is of significance and properly concludes that under the present amendment an alien who enters the United States not in good faith and not as a bona fide nonimmigrant can be statutorily eligible for adjustment of his status. With this we agree.

The decision of the special inquiry officer notes that the respondent could undoubtedly secure an immigrant visa from an American consulate outside the United States and that that document would be issued within a short time. As to this statement we are not aware of the length of waiting time the respondent would encounter were he to apply for a visa to an American consulate outside the United States. Page 3 of the decision of the special inquiry officer states that the record establishes that the respondent took this route in order to avoid the necessary waiting period. This statement seems to be at odds with the statement on page 5 that the visa would be issued within a short time.

The special inquiry officer continues by noting the expenses involved by the respondent were it necessary for him to secure his visa at the American consulate in Peru, and rhetorically asks, "What motive would there be to require the respondent to pay that sum to proceed to Peru to there obtain an immigrant visa and then with it to again travel to the United States?" Apparently the special inquiry officer believes that his assumption as to the eligibility of the respondent for an immigrant visa coupled to the avoidance of a

delay encountered in Peru add up to a conclusion that the respondent should be granted the relief. In this we cannot agree.

We agree that the respondent is statutorily eligible for adjustment of status. However, as a matter of discretion we adhere to our position stated in *Matter of Diaz-Villamil*, Int. Dec. No. 1330, in which we recognized that the Foreign Service of the United States has placed in various consulates abroad trained and knowledgeable personnel for the specific purpose of considering the issuance or denial of immigrant visas to alien applicants. This personnel is so situated for the convenience of persons resident in those countries who desire permanent residence in the United States. The offices of American counsuls abroad are geared for such service, have facilities at their disposal for the investigations and clearances of visa applicants and these functions are properly established by law and regulations as a desirable and necessary concomitant to the proper issuance of immigrant visas. We realize that administrative delays are encountered in many of these offices by visa applicants. We maintain the proper procedures followed in such posts should not be circumvented by aliens abroad who desire to accelerate their immigration to this country. Any short-cutting of these functions should be avoided.

By our decision here we do not hold that every applicant who avoids the visa issuing functions of consuls abroad by coming as a nonimmigrant will be thereafter denied relief under section 245. Conceivably there are instances where substantial equities may intervene and warrant favorable action as a matter of discretion. Such intervening equities are not present in this case, for here the respondent was married *in Peru* to a legal resident of the United States *prior* to his arrival in the United States as a visitor. His actions subsequent to his marriage constitute a calculated risk on his part which he chose to take in order to avoid administrative delay at the consulate in Peru. We think under these circumstances that despite the favorable factors considered by the special inquiry officer, the application should be denied as a matter of discretion.

Although the special inquiry officer did not rule on the application of the respondent for voluntary departure in lieu of deportation, we have concluded upon a consideration of this file that that privilege should be granted to the respondent. Accordingly, the following orders will be entered.

ORDER: It is ordered that the order of the special inquiry officer granting the respondent's application for adjustment of status under section 245 of the Immigration and Nationality Act be withdrawn.

*It is further ordered* that the appeal of the trial attorney and the Service representative be sustained.

*It is further ordered* that the respondent be granted voluntary departure in lieu of deportation without expense to the government and within such time and under such conditions as the district director shall direct.

*It is further ordered* that if the respondent fails to depart when and as required, the privilege of voluntary departure shall be withdrawn without further notice or proceedings and the following order shall thereupon be immediately effective: the respondent shall be deported from the United States to Peru on the charge contained in the order to show cause.